BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant HILL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-08-52 MMC |
| ) | |
| Plaintiff, ) | DEFENDANT'S SENTENCING MEMORANDUM |
| ) | |
| v. ) | |
| ) | Court: Honorable Maxine M. Chesney |
| JERI HILL, ) | Date:  September 10, 2008 |
| ) | Time:  2:30 pm |
| Defendant. ) | |
| _____) | |

**INTRODUCTION**

Defendant Jeri Hill appears before this Court to be sentenced on her conviction for using a false document in violation 18 U.S.C. Section 1001(a)(3). After the Court considers all of the circumstances of this case pursuant to 18 U.S.C. Section 3553, Ms. Hill respectfully requests that the Court accept the parties' joint recommended sentence of three years probation with a condition that she spend six months under home confinement – a sentence that is sufficient but not greater than necessary to fulfill the goals of sentencing. Notably, the Probation Officer concurs in this recommendation.

**BACKGROUND**

Jeri Hill, forty-nine years old, was born and raised in San Francisco, California as one of four children. Presentence Report (hereinafter "PSR"), ¶¶27-28. She was raised primarily by her

mother after her parents divorced when she was two years old. *Id*. While Ms. Hill describes a decent upbringing with a wonderful mother, she also observed the difficulties her mother faced in raising a family in costly San Francisco. With her mother's support, she graduated from John Adams High School in San Francisco in 1978. At the age of twenty, Ms. Hill – not much more than a child herself – had a son named Christian. Christian has always meant the world to Ms. Hill. While she and Christian's father were originally in a long-term relationship, they never married, and from a young age, Ms. Hill was left to raise Christian on her own.

In an effort to support herself and her son, she has worked hard as a productive member of society since she graduated from high school. *Id*. at ¶¶ 33-36. For the past six years, Ms. Hill has been working for the Public Health Department for the City and County of San Francisco assisting San Francisco's indigent population with varied mental and physical health care needs. *Id*. From September 2002 through December 2003, she worked at a mental health rehabilitation facility. *Id*. After performing well in that capacity, she was quickly promoted to Health Care Worker, a position she continues to occupy. In that capacity, she assists the nursing staff at a health care center in the Tenderloin with providing referrals and services to those in need. *Id*. As noted in the PSR, she is of great assistance to the community:

> Jeri is an extremely helpful member and positive force on the TWHC Tenderloin Health Team. Her compassion for and interest in the well being of the clients is always apparent. She is an important part of the Team and an asset to the clinic as a whole.

*Id*. at ¶34.

While clearly committed to her work, Ms. Hill found it difficult to provide her son with the best possible education while on her health care worker salary. She was concerned about the public schools in San Francisco and wanted her son to be able to attend a private school so that he could have better opportunities than she had been given. Realizing that she could not afford all of her expenses as well as her son's private school tuition, she made a decision that she continues to regret: she failed to report the entirety of her income on her re-certifications for subsidized housing with the United States Department of Housing and Urban Development. In

DEF.'S SENTENCING MEMORANDUM;
Case No. CR 08-0052 MMC                          2

total, the government has calculated that between 2002 and 2007 she was provided $54,754 in rent subsidies to which she was not entitled. *Id.* at ¶¶4-6. For this, Ms. Hill is extremely remorseful. *Id.* at ¶9. Fortunately, if the Court sentences Ms. Hill as jointly requested by the parties, Ms. Hill will be able to continue with her employment, and she is committed to re-paying the entire restitution amount.

## DISCUSSION

**I.   The Joint Recommended Sentence Is Sufficient But Not Greater Than Necessary To Fulfill the Sentencing Goals Under 18 U.S.C. Section 3553(a)**

Ms. Hill respectfully requests that the Court accept the parties' joint sentencing recommendation and sentence her to three years probation, of which six months will be spent in home confinement, as well as require her to pay $54,754 in restitution. Such a sentence is "sufficient but not greater than necessary" to achieve the goals of 18 U.S.C. Section 3553(a).

Under the advisory sentencing guidelines, the final presentence report correctly calculates the total offense level in this case as 10, the criminal history category as I, and a corresponding sentencing range in Zone B of 6-12 months. Because the applicable guideline range is in Zone B of the Sentencing Table, a sentence of imprisonment is not required, and the Court may sentence Ms. Hill to a term of probation that includes a term of home confinement. *See* United States Sentencing Guidelines § 5C1.1(c). Accordingly, the parties' joint recommended sentence of three years of probation with a condition that six months be spent in home confinement fits squarely within the Guidelines.

This Court must not only consider the guideline range; rather, the Court must also consider the other directives set forth in 18 U.S.C. section 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). "The overarching statutory charge for a district court is to impose a sentence sufficient, *but not greater than necessary*" to achieve the goals of section 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need:

DEF.'S SENTENCING MEMORANDUM;
Case No. CR 08-0052 MMC                        3

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Section 3553(a) directs sentencing courts to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

A sentence of three years probation with six months of home confinement accomplishes the goals of section 3553(a). Indeed, the Supreme Court in *Gall v. United States*, 128 S. Ct. 586 (2007) made abundantly clear that while a term of probation is less severe than a term of incarceration, it is nonetheless a significant punishment as it substantially restricts an individual's liberty.

> Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. *See United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled' " (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987))). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG § 5B1.3.

*Id.* at 595 -596 (internal footnotes omitted). Ms. Hill respectfully submits that the jointly recommended sentence is warranted based on the following:

First, this is Ms. Hill's first and only criminal offense. Significantly, at 49 years of age, Ms. Hill has had no other arrests or convictions. She has been out on pretrial release during the pendency of this action and has been a model pretrial releasee during that entire period.

Second, while the reason Ms. Hill committed this offense – to pay for her son's private school education – certainly does not justify her actions, it does explain the conduct. She did not use the money to buy expensive items for herself or to otherwise live a lavish lifestyle. To the contrary, there is no dispute that Ms. Hill lives a modest lifestyle. While her conduct was admittedly wrong, it was entirely motivated by her maternal desire to provide as many opportunities as possible for her son.

Third, no motions or other petitions were filed in this case. To the contrary, as soon as was practicable, Ms. Hill admitted her wrongdoing and pled guilty to this offense. She continues to accept responsibility for her actions and is extremely remorseful.

Fourth, while the loss amount in this case is significant, Ms. Hill has agreed to pay back the entire loss amount and is committed to doing so.

Finally, a felony conviction and sentence of three years of probation with a condition that six months be spent in home confinement are serious consequences for an individual such as Ms. Hill with absolutely no criminal history. This sentence will more than adequately punish Ms. Hill for her particular conduct and will also adequately deter any future wrongful conduct.

In a case such as this, a paramount concern is ensuring that Ms. Hill never re-offend. Given her lack of criminal history and her behavior on pretrial release, that is extremely unlikely. Nonetheless, having her on probation for three years will adequately address such concerns and protect the public from any possible future danger of recidivism.

In full consideration of her history and characteristics, together with the other goals of sentencing, the Court should impose the jointly recommended sentence of three years probation with a condition that she spend the first six months in home confinement.

## II.   The Court Should Set A Realistic Monthly Payment for Ms. Hill's Required Restitution

As provided under the plea agreement, the Court should order Ms. Hill to pay $54,754 in restitution. Ms. Hill is firmly committed to repaying these funds. She respectfully requests,

1  however, that the Court order that she pay no more than $100 per month toward this restitution to
2  appropriately take into account Ms. Hill's financial resources and ability to pay, as required by
3  law. *See* 18 U.S.C. § 3663(a)(1)(B)(i) ("The court, in determining whether to order restitution
4  under this section, shall consider . . . the financial resources of the defendant, the financial needs
5  and earning ability of the defendant and the defendant's dependants, and such other factors as the
6  court deems appropriate."); *see also United States v. Ramilo*, 986 F. 2d 333, 336 (9th Cir. 1993).
7  It is undisputed that Ms. Hill is indigent and does not have the ability to pay a significant
8  monthly installment. PSR at ¶¶37-38. Specifically, Ms. Hill currently has a negative monthly
9  cash flow. *Id*. At this time, Ms. Hill is unable to pay $200 per month toward her restitution as
10  recommended by the Probation Officer, but would most likely be able to pay up to $100 per
11  month.

## CONCLUSION

For the reasons stated, Ms. Hill respectfully requests that the Court accept the parties' joint recommended sentence of three years of probation of which the first six months will be spent under home detention – a sentence which is sufficient but not greater than necessary to meet the Court's sentencing objectives.

Dated: September 3, 2008

                                Respectfully Submitted,

                                BARRY J. PORTMAN
                                Federal Public Defender

                                /s/
                                JODI LINKER
                                Assistant Federal Public Defender