JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JERI HILL,<br><br>    Defendant. | No. CR 08-0052 MMC<br><br>THE UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: September 10, 2008<br>Time: 2:30pm<br>Place: Courtroom 7, 19th Floor |

**INTRODUCTION**

Defendant Jeri Hill pleaded guilty to one count of a five-count indictment on May 21, 2008. The Court accepted Hill's plea and scheduled sentencing for September 10, 2008. Hill's guilty plea was pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B). In the plea agreement, the parties jointly recommended a sentence of probation for three years, with six months to be served on home confinement, restitution in the amount of $54,754.00, and a $2,000 fine. The Probation Department concurs with this recommendation, although the Pre-Sentence Report suggests that community service be imposed in lieu of a fine.

## THE OFFENSE, CHARGES, AND PLEA AGREEMENT

Defendant Jeri Hill lived in a federally-subidized two-bedroom apartment in San Francisco from 1989 through October, 2007. Although Hill still lives in this apartment, she no longer receives a federal subsidy. Each year that Hill received a rent subsidy, she filled out a certification of her income, signed under penalty of perjury, that the U.S. Department of Housing and Urban Development relied on to determine whether Hill was entitled to a federal rent subsidy, and if so, in what amount. Hill signed these certifications each year and attested to their accuracy.

During the five years alleged in the indictment, 2003 through 2007, Hill falsely claimed that her only source of income was child support, when in fact she was working full time for the City and County of San Francisco Department of Public Health. As a result of her false statements, Hill received $54,754.00 in rent subsidies to which she was not entitled. Hill also received another $2,952 in illegitimate rent subsidies in 2002 based on a false certification that she made that year, but due to the statute of limitations that amount was not included in the indictment or plea agreement.

Hill's fraud was discovered when a manager at her apartment complex asked Hill in late 2007 how she was going to survive now that her son had reached majority and she was no longer receiving child support, allegedly her sole source of income. Hill responded that she had "just" gotten a job with the City and County of San Francisco, and showed the apartment manager a pay stub. The apartment manager became suspicious when she noticed that the pay stub contained a "year-to-date" income amount that was consistent with having received a full year of income.

When a HUD agent confronted Hill with the evidence against her, she admitted her fraud.

## SENTENCING RECOMMENDATION

The parties and Probation Department's joint recommendation of a three year probationary sentence, with six months to be served on home confinement, and restitution in the amount of $54,754.00, are not in controversy. The purpose of this sentencing memorandum is to address two apparent points of contention. First, Hill asks the Court to allow her to pay her

1  restitution in $100 monthly installments, rather than the $200 installments recommended by the
2  Probation Department.  Second, the Probation Department recommends that Hill be allowed to
3  substitute community service for the $2,000 fine recommended in the plea agreement, and then
4  in an apparent contradiction, asks that the fine be waived. (Compare PSR Sentencing
5  Recommendation pp. 1, 3).

6      The United States strongly urges the Court not to lower the monthly restitution payment
7  to $100.  Given the loss amount, it would take 45 years and 8 months to pay full restitution in
8  $100 installments.  And given Hill's current age of 49, she would have to live to age 95 to
9  complete restitution for this offense.  Hill has the financial ability to pay $200 in restitution per
10 month.  According to the Probation Department's financial report, Hill's cable, internet, and
11 phone bills total $200 per month.  And Hill's son, who is 19 years old and attending college, has
12 the ability to earn income and help support the household.  Indeed, Hill's son is an adult who – if
13 not now then easily within a year or two – could live on his own and support himself, allowing
14 Hill to live in a smaller apartment and decrease her rent and other living expenses.  Also, Hill is
15 paying $450 per month in car payments on a car that is worth less than the note she carries on it.
16 If Hill gave up the car, she could commute to work using public transportation and, with the
17 money she saved, buy a cheaper used car and still have enough money left over to pay $200 per
18 month in restitution.

19     With respect to the $2,000 fine recommended in the plea agreement, the United States is
20 not opposed to allowing Hill to work off the fine in the form of community service at a
21 reasonable hourly rate, such as $8.00 per hour.  However, the Court should not simply waive the
22 fine in this case.  Hill stole a substantial amount of money from the United States over a six-year
23 period, and each year she repeated the lie that allowed her to steal this money.  The $2,000 fine
24 almost makes up for the $2,952 that Hill stole in 2002 but that the United States discovered too
25 late to charge in the indictment.  The parties' joint sentencing recommendation in the plea
26 agreement is adequate punishment for this crime, but not if the Court waives the fine, and then
27 effectively reduces the restitution amount by allowing Hill to pay it installments so low that she
28 would have to live to age 95 to complete it.

USA'S SENTENCING MEMORANDUM
CR 08-0052 MMC                         3

The United States therefore asks the Court to adopt the parties' joint sentencing recommendation in this case, but to order that restitution be paid in installments no lower than $200 per month, and to order that Hill be allowed to work off her $2,000 fine in the form of community service at a reasonable hourly rate.

## CONCLUSION

A sentence of probation for three years, six months of which should be served on home confinement, restitution in the amount of $54,754.00 to be paid in monthly installments of no less than $200, a $2,000 fine, and a special assessment of $100, is an appropriate disposition of this case.

DATED: September 3, 2008          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


    /s/   Owen Martikan
OWEN P. MARTIKAN
Assistant United States Attorney